```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                        21 CR 201 (JMF)

RODNEY ROBINSON,

              Defendant.           Arraignment
------------------------------x

                                   New York, N.Y.
                                   April 7, 2021
                                   2:45 p.m.

Before:

              HON. JESSE M. FURMAN,

                           District Judge

                    APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
BY:  ASHLEY C. NICOLAS
     PATRICK MORONEY
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK, INC.
     Attorneys for Defendant
BY:  MARK B. GOMBINER
```

1            (Case called)

2            MS. NICOLAS:  Good afternoon, AUSAs Ashley Nicolas and
3    Patrick Moroney for the government.

4            THE COURT:  Good afternoon.

5            MR. GOMBINER:  Mark Gombiner, Federal Defenders, for
6    Mr. Robinson.  Good afternoon, Judge.

7            THE COURT:  Good afternoon to you as well.

8            Give us one moment.  We are a little out of practice,
9    having not been here since November.  We forgot to call into
10   the AT&T line.  But since I had docketed an order saying we
11   would do that, let's just do that quickly, so bear with us.

12           We are now up and running on the public access line.
13   It didn't sound like anybody is on there, but better to have it
14   open.

15           Good afternoon.  Good to see everybody.  This is only
16   my second proceeding since November in person, so it's nice to
17   see people in the flesh.

18           Mr. Robinson, my name is Jessie Furman.  I'm a United
19   States District Judge.  You're in the Southern District of New
20   York.  I've been assigned to your case, which means that I
21   would be the judge who would preside over trial, if or when the
22   case were to go to trial.  And in the event that you were
23   convicted of any offense, I would be the judge who would impose
24   sentence.

25           The purpose of today's proceeding is to arraign you on

the indictment, 21 CR 201, and then to set a schedule for the case going forward.

Counsel, unless there is something to discuss, I would proceed directly to arraign Mr. Robinson.

MS. NICOLAS:  There is nothing, your Honor.

MR. GOMBINER:  Thank you, Judge.

THE COURT:  Mr. Robinson, if you would please rise.

Have you seen a copy of the indictment charging you in Count One with forgery and false use of a passport; Count Two with the same offense; Count Three, making false statements; Counts Four and Five, aggravated identity theft.  That's Count Six as well.

Have you seen a copy of that indictment?

THE DEFENDANT:  Yes, sir, I have.

THE COURT:  Have you discussed it with Mr. Gombiner, with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  Would you like me to read it or summarize it out loud, or do you waive its public reading?

THE DEFENDANT:  I waive public reading.

THE COURT:  How do you plead at this time, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  Thank you.  You may be seated.

Ms. Nicolas, can you tell me a little bit by way of

1   background here and where things stand both on the speedy trial
2   clock and with respect to discovery.
3             MS. NICOLAS:  Yes, your Honor.  The charges in this
4   case stem from the defendant's use of a copy of a document
5   purporting to be a passport in application for employment, as
6   well as false statements made in application for employment on
7   documents within the jurisdiction of the Federal Government.
8             Discovery in this case will include subpoena returns
9   that encompass the employment paperwork submitted by the
10  defendant, as well as the documents purporting to be a
11  passport, a tax order and the returns from that tax order, a
12  residential search warrant, as well as the photos, vouchers,
13  and logs of that search warrant.  There were ten electronic
14  items seized during that search warrant, four of which have
15  been imaged, and we will work with defense counsel to produce
16  complete forensic images of those devices.
17            The defense also made a postarrest statement, a
18  summary of which will be turned over to the defense, as well as
19  the defendant's criminal history.  As the defendant has not
20  entered a plea prior to today, the government's position is
21  that the speedy trial clock will begin running today, so no
22  time has come off yet.
23            THE COURT:  When was the indictment returned?
24            MS. NICOLAS:  The indictment was returned on March 23,
25  2021, your Honor.

1           THE COURT:  Time having not been excluded, does that
2    time not run off the clock?
3           MS. NICOLAS:  Our position is that the clock does not
4    begin to run until the defendant enters a plea, so there will
5    no time to --
6           MR. GOMBINER:  Between the acoustics in the courtroom
7    and the mask, I didn't hear the last statement.
8           THE COURT:  If you can repeat that.  You can actually
9    stay seated so you can speak more directly into the microphone.
10   That might be easier.
11          MS. NICOLAS:  The indictment was returned on March 23,
12   2021.  The government's position, under the Second Circuit case
13   *Nixon*, is that the clock does not begin to run until the
14   defendant enters a plea of not guilty, which he did not do
15   until today.  The government's position is that the clock
16   begins to run when the defendant enters a plea of not guilty.
17   That not having happened until today, our position is that the
18   clock does not begin to run until today.
19          THE COURT:  Maybe I'm getting rusty, but I was under
20   the impression that where a defendant had been arrested on a
21   complaint and an indictment was returned that the clock began
22   to run from the moment that the indictment was returned.  It
23   may be an academic point if time is excluded, and we have more
24   than the relevant amount of time left on the clock by the time
25   trial comes, in any event.

1        On the postarrest statements, were they Mirandized?
2   Were they recorded?  What were the circumstances?
3        MS. NICOLAS:  The postarrest statements were
4   Mirandized, your Honor.  They took place at the federal
5   building to agents from the Diplomatic Security Service.  They
6   took place after the search warrant was executed.  They were
7   not recorded.  But a summary of those statements have been
8   produced on a memorandum from the State Department.
9        THE COURT:  Forgive me if you already said this, but
10  how long would it take you to produce discovery to the
11  defendant?
12       MS. NICOLAS:  The government would request 30 days,
13  your Honor.
14       THE COURT:  Is there a reason you can't do it sooner
15  than that?
16       MS. NICOLAS:  The only thing that will delay our
17  ability, your Honor, and the only thing that makes me
18  uncomfortable committing to doing it faster is imaging the
19  electronic devices.  Those devices are being extracted at the
20  Diplomatic Security Service center in Washington, D.C., so it
21  will likely take a few weeks to send the hard drives to D.C.
22  and receive the forensic images.
23       THE COURT:  Can you produce what you have in your
24  current possession within two weeks?
25       MS. NICOLAS:  Yes, your Honor, absolutely.  We will

1  begin producing this week.

2  THE COURT: Why don't I do this. I am going to set a
3  deadline of two weeks from today, so April 21 for discovery,
4  with the understanding that you are not in a position to
5  produce the electronic returns yet, because you don't have
6  them, but on the theory that discovery is continuing, you will
7  produce those promptly after you get them.

8  MS. NICOLAS: Absolutely, your Honor.

9  THE COURT: Before I turn to you, Mr. Gombiner, as
10 counsel know, last fall Congress passed and the president
11 signed a new law, Due Process Protections Act, pursuant to
12 which I need to remind the government of its obligations under
13 *Brady v. Maryland* and its progeny to disclose to the defense
14 all information, whether admissible or not, that is favorable
15 to the defendant, material either to guilt or to punishment and
16 known to the government. The government must make good-faith
17 efforts to disclose such information to the defense as soon as
18 reasonably possible after its existence becomes known to the
19 government. As part of these obligations the government must
20 disclose information that can be used to impeach trial
21 testimony of a government witness, within the meaning of *Giglio*
22 *v. United States* and its progeny, and must do so sufficiently
23 in advance of trial in order for the defendant to make
24 effective use of it at trial.

25 I remind the government that these obligations are

1  continuing ones and that they apply to information, whether or
2  not it is credited by the government.
3       I further remind you that government for these
4  purposes includes any federal, state, or local prosecutors, law
5  enforcement officers, and other officials who have participated
6  in the investigation and prosecution of the charged offenses,
7  whether they are still part of the team or not, and that you
8  have an affirmative obligation to seek from these sources all
9  information subject to disclosure.
10       Finally, I caution you that if you fail to comply with
11  these requirements, any number of consequences may follow,
12  including, but not limited to, an order to produce the
13  information, a continuance, evidentiary sanctions, sanctions on
14  responsible lawyers, dismissal or vacatur of a conviction after
15  trial or guilty plea, and any other order that is just under
16  the circumstances.
17       In accordance with the law, I will enter a written
18  order to that effect as well.
19       Can the government confirm that it's aware of those
20  obligations and will comply with them?
21       MS. NICOLAS:  Yes, your Honor.
22       THE COURT:  Very good.  Thank you.
23       Mr. Gombiner, it has been a little while, but as you
24  may recall, my practice is to set a deadline for the filing of
25  any defense motions.  I recognize that you don't yet have the

1  electronic returns,และ won't for a few weeks, but any thoughts

2  with respect to when you would want to set that deadline.

3      MR. GOMBINER:  Judge, I think if you set it like a

4  month after we got the discovery.  That's 30 days.

5      THE COURT:  Let's estimate that you'll get the

6  electronic returns in the next 30 days or so, so we are talking

7  roughly two months out, is that correct?

8      MR. GOMBINER:  That would be fine, Judge, yes.

9      THE COURT:  Why don't I set a deadline for the filing

10 of any defense motions of June 11.  Any opposition would be due

11 by June 25.  I think July 2 is before the holiday, so we will

12 get a reply due by July 2.

13     I'll have you back in the interim, between the motion

14 deadline and the government's opposition, so that we can

15 discuss any motions and also set a trial date, but we will

16 discuss that in a moment.  I'll have you back on, let's say,

17 June 21 at 3 p.m., at which point if motions were filed you

18 should be prepared to discuss them.  In all likelihood, I would

19 allow them to proceed with briefing on the schedule that I just

20 set, but certainly you should be prepared to discuss them.

21     And in the normal course -- the last 13 months have

22 not been exactly the normal course, but in the normal course I

23 would set a trial date at that conference.  I am going to have

24 to figure out how to handle things in the coming months, given

25 the number of trials that are backed up.  But I am not sure

1  that that would argue in favor of deviating from that normal
2  practice, so you should talk to one another in advance of that
3  conference and be prepared to set a trial date, and you should
4  understand that when I set a trial date it is a firm date,
5  subject to pandemics and other such things getting in the way.
6           I take it there was an application, I think already,
7  to exclude time between now and the next conference date of
8  June 21, is that correct?
9           MS. NICOLAS:  Yes, your Honor.
10          THE COURT:  Mr. Gombiner, any objection?
11          MR. GOMBINER:  No, your Honor.
12          THE COURT:  I will exclude time under the Speedy Trial
13 Act between today and June 21, 2021.  I find that the ends of
14 justice served by excluding that time outweigh the interests of
15 the public and the defendant in a speedy trial, to allow the
16 defendant and counsel to review the discovery that will be
17 produced in short order, to consider what, if any, motions
18 ought to be filed, and to prepare those motions.
19          Anything else from the government?
20          MS. NICOLAS:  Nothing further from the government,
21 your Honor.
22          THE COURT:  Mr. Gombiner.
23          MR. GOMBINER:  No, Judge.  Thank you.
24          THE COURT:  Good to see everybody in the flesh.  Stay
25 safe and healthy, and we are adjourned.    (Adjourned)